**Jerzy LUTKOWSKI and Elizabeth Lutkowski, Plaintiffs,**

v.

**HIGH ENERGY SPORTS, Defendant.**

**No. 91 C 3584.**

United States District Court,
N.D. Illinois, E.D.

June 13, 1991.

James A. Stamos, Stamos & Rimland, Chicago, Ill., for plaintiffs.

**MEMORANDUM OPINION
AND ORDER**

SHADUR, District Judge.

Jerzy Lutkowski ("Jerzy") and his wife Elizabeth ("Elizabeth")—collectively "Lutkowskis"—have brought a five-count Complaint against High Energy Sports, claiming damages as a result of injuries that Jerzy assertedly sustained in Burlington, Wisconsin while operating a hang-glider manufactured and distributed by High Energy Sports. Based on its initial review of the Complaint,[1] this Court sua sponte dismisses the Complaint for lack of subject matter jurisdiction—but without prejudice to the possible prompt curing of the flaws identified in this opinion.

Lutkowskis seek to ground federal jurisdiction in diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1).[2] Each of the Complaint's counts asserts an ad damnum in excess of $50,000, thus satisfying (at least in facial terms) the jurisdictional amount for those purposes. And Complaint ¶ 1 properly identifies Lutkowskis' Illinois citizenship. But what Complaint ¶ 2 says about High Energy Sports' citizenship is only this:

> The Defendant, HIGH ENERGY SPORTS, is a foreign corporation, duly incorporated in the State of California.

Incorporation in California tells only half of the corporate citizenship story as defined by Section 1332(c)(1). What is missing from the Complaint is any identification of High Energy Sports' principal place of business. It may perhaps be a reasonable inference from the remaining allegation of Complaint ¶ 2 (which speaks of the corporation's business as including the placing of its products into the stream of commerce by multiple transactions in the state of Illinois) that this state does not fit the "principal place of business" description—but inferences (even highly probable ones),

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

2. All further references to Title 28's provisions will simply take the form "Section—."

as contrasted with affirmative allegations, are not enough to establish jurisdiction here.

▉ That pleading defect deprives this Court of independent subject matter jurisdiction over this action, for federal courts can deal with cases only as Congress specifies and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 103–04 and n. 12, and cases there cited (1990 ed. and 1991 pocket part); 13 B *id.* § 3624, at 610 & n. 20, and cases there cited (1984 ed. and 1991 pocket part). Federal jurisdiction cannot be based on surmise or guesswork, and that is all this Court has available to it here.

Even though that constitutes a subject matter jurisdictional flaw that requires dismissal of the Complaint, it does seem most likely to be curable as permitted under Section 1653. For that reason this Court's customary practice in such situations is to grant leave to cure the defect by an amended complaint. Indeed, that would appear especially appropriate here, because the Complaint was filed on the second anniversary of the alleged occurrence (which means that if the Illinois statute of limitations applies, a new lawsuit could be out of time [3]).

There is however another serious potential problem posed by the Complaint in its present form. Complaint ¶ 2, with its allegation as to High Energy Sports being "engaged in the business of placing certain products into the stream of commerce within the State of Illinois and in multiple trans-actions place into the stream of commerce which were physically present within the State of Illinois on the date of the occurrence herein complained of," [4] obviously seeks to invoke the long-arm concepts embodied in Ill.Rev.Stat. ch. 110, ¶ 2–209(a). But that predicate for personal jurisdiction is limited to causes of action that "lie in the wake" of the Illinois-related conduct—the phrase used in the case law to express the limitation prescribed by *id.* ¶ 2–209(c) (see such cases, e.g., as *Financial Management Services, Inc. v. Sibilsky & Sibilsky, Inc.,* 130 Ill.App.3d 826, 833, 86 Ill.Dec. 100, 106, 474 N.E.2d 1297, 1303 (1st Dist. 1985) and—applying Illinois law—*Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1245 (7th Cir.1990) and cases cited there).

In this instance Jerzy was allegedly operating a High Energy Sports hang-glider at a recreational park in *Wisconsin,* and there is no allegation that Jerzy (if he owned the hang-glider [5]) had bought it in Illinois or that the owner (if Jerzy were simply operating it on a rental basis) had done so. Under those circumstances no predicate appears for obtaining personal jurisdiction over High Energy Sports on *this* Wisconsin-based claim in *this* State of Illinois. Certainly Complaint ¶ 2 alone would not be enough to do the job.[6]

Under the circumstances this Complaint is dismissed (as it must be for the reason stated at the outset) for lack of subject matter jurisdiction. Such dismissal is without prejudice to Lutkowskis' filing of an amended complaint in this Court's chambers on or before June 24, 1991 that both

---

**3.** Ill.Rev.Stat. ch. 110, ¶ 13–202 establishes a two-year statute of limitations for personal injury actions. However, where a timely action is dismissed by this District Court for lack of jurisdiction, Ill.Rev.Stat. ch. 110, ¶ 13–217 allows an extended time period for a refiling in state court. This Court has not however troubled itself to look at the corresponding provisions of Wisconsin limitations law if that state's law were found to be applicable.

**4.** There is something amiss in that quoted clause as a matter of English grammar or syntax—or something. This Court will not pause to try to decipher what is really meant to be said.

**5.** Though this Court must plead ignorance as to whether hang-gliding devotees are likely to own their own equipment, its impression is that most people who engage in the activity do so on a casual basis in the course of vacationing—hence by using the equipment available at a resort or some other vacation spot.

**6.** What is said in the text is wholly independent of the question whether, even if personal jurisdiction over High Energy Sports were available here, the case would nevertheless be vulnerable to the regularly encountered motion for transfer under Section 1404(a). That too is an issue on which this current opinion expresses no views.

cures the defective allegations as to diversity of citizenship and addresses the other problem identified in this opinion. If no such pleading is filed, this action will itself be dismissed on June 25, 1991 on the same jurisdictional ground.